**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

**CHARLES HOLLISTER,**

        Petitioner,

v.                                                                    **CIVIL ACTION NO.: 3:21-CV-104**
                                                                    **(GROH)**

**F. J. BOWERS,**

        Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION IN PART

Currently before the Court is a Report and Recommendation ("R&R") entered by United States Magistrate Judge Robert W. Trumble on July 12, 2021. ECF No. 4. Pursuant to the Local Rules, this action was referred to Magistrate Judge Trumble for submission of an R&R. See LR PL P 2. In the R&R, Magistrate Judge Trumble recommends that this Court dismiss the instant petition with prejudice for failure to aset a claim for which relief can be granted under 28 U.S.C. § 2241. The Petitioner timely filed his objections to the R&R on July 29, 2021. ECF No. 8. Accordingly, this matter is now ripe for adjudication.

## I. BACKGROUND

On July 8, 2021, the Petitioner filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241, challenging the conditions of his incarceration at FCI Morgantown in Morgantown, West Virginia. ECF No. 1. The Petitioner avers that he is undergoing methadone treatment at FCI Morgantown, and the treatment "radically increases [his] core body temperature[,] causing severe headaches, sweating and nausea." Id. at 5. He alleges that he has asked the Bureau of Prisons ("BOP") to move him to the facility's

temperature-controlled unit ("Bates Unit") "on no less than 12 occasions," but all his requests have been denied. Id. For relief, he requests that this Court "order FCI Morgantown to move the Petitioner 50 yards from [his current unit] to Bates Unit." Id. at 9.

Upon reviewing the record, the Court finds that the background and facts as explained in the R&R accurately and succinctly describe the circumstances underlying the Petitioner's claims. For ease of review, the Court incorporates those facts herein.

## II. LEGAL STANDARDS

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir.1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.1984).

Pursuant to this Court's local rules, "written objections shall identify each portion of the magistrate judge's recommended disposition that is being challenged and shall specify the basis for each objection." LR PL P 12(b). However, the Court is not required to review objections to the magistrate judge's R&R that are not made with "sufficient specificity so as reasonably to alert the district court of the true ground for the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007). When a party makes only

general objections to the R&R, meaning "objections [that] are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge," the party waives his right to de novo review, and the Court subjects that portion of the R&R to a clear error review. Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W. Va. 2009). "Similarly, when an objection merely reiterates the same arguments made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a clear error review." Taylor v. Astrue, 32 F. Supp. 3d 253, 260-61 (N.D.N.Y. 2012). Finally, the Fourth Circuit has long held, "[a]bsent objection, we do not believe that any explanation need be given for adopting [an R&R]." Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983) (finding that without an objection, no explanation whatsoever is required of the district court when adopting an R&R).

### III. DISCUSSION

In the R&R, Magistrate Judge Trumble recommends that the Court dismiss the petition with prejudice for failure to assert a claim for which relief can be given under § 2241 and lack of subject-matter jurisdiction. ECF No. 4 at 6. Specifically, Magistrate Judge Trumble finds that the Petitioner's requested relief "does not affect the fact or duration of his confinement," but instead "seeks to have the Court order the [BOP] to transfer him to a separate unit inside the institution." Id. at 4. Thus, he finds that the Petitioner is challenging the conditions of confinement or a violation of his civil rights, and his claims should have been raised pursuant to a civil rights complaint under Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 399 (1971). ECF No. 4 at 5 n.7.

3

Additionally, Magistrate Judge Trumble finds that even if the Petitioner's claims challenged the fact or duration of his confinement, the Court would nevertheless lack jurisdiction to consider the claims because the Petitioner failed to establish that he exhausted his administrative remedies with the BOP.  Id. at 4 n.5.  The R&R notes that the Petitioner did not submit any documentation of his administrative remedy requests or appeals, and that the Petitioner could not have exhausted his administrative remedies because the BOP denied his request to be transferred to Bates Unit only ten days before he filed the instant petition.[1]  Id.; see ECF No. 1-1 at 1.

In his objections, the Petitioner avers that his petition did not seek relief in the form of release from custody only because being transferred to the Bates Unit would address his medical condition in a satisfactory way.  ECF No. 8 at 1.  However, he states that "in the absence of the most apparent solution [*i.e.*, transferring him to Bates Unit], the Petitioner asks the Court to consider releasing him from FCI Morgantown."  Id. at 2.  He also avers that he has exhausted his administrative remedies with the BOP.  Id. at 1.

### A. Applicable Law

The remedy of habeas corpus does not extend to a prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  At its core, a habeas claim has two elements: (1) a challenge to the fact or duration of physical imprisonment, and (2) a request for a determination that the petitioner is entitled to immediate or a speedier release.  Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).  The Supreme Court has further held that a habeas petition is appropriate when

---

[1] The Petitioner submitted a copy of his "Informal Resolution Form" that was submitted to the BOP on June 21, 2021.  ECF No. 1-1 at 1.  The form states that the BOP denied the Petitioner's request to be transferred to the Bates Unit on June 28, 2021, because there was no "medical necessity" for the transfer.  Id.

4

"success in [the] action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 82 (2005). In other words, "if the core of the prisoner's claim is the length or duration of his sentence . . . the proceeding is in habeas." Todd v. Baskerville, 712 F.2d 70, 73 (4th Cir. 1983) (internal quotations omitted). A request for release from custody "does not convert a conditions-of-confinement claim into a proper habeas request." Cureno Hernandez v. Mora, 467 F. Supp. 3d 454, 460 (N.D. Tex. 2020) (citing Springer v. Underwood, No. 3:19-CV-1433, 2019 WL 3307220, at *2 (N.D. Tex. June 28, 2019)); see also Archilla v. Witte, No. 4:20-cv-596, 2020 WL 25133648, at *12 (N.D. Ala. May 15, 2020) ("But tacking a traditional habeas remedy on to a prototypical conditions-of-confinement claim does not convert that classic civil rights claim into a habeas claim.").

In contrast, a civil rights action pursuant to § 1983 or Bivens is proper where the prisoner challenges the conditions of his prison life. See Preiser, 411 U.S. at 499–500. For example, claims of a constitutional due process violation relating to "prison procedures that do not affect the length or duration of [a prisoner's] sentence as then existing" or "strictly to the conditions of [a prisoner's] confinement and not its fact or duration" are properly raised in a civil rights complaint. Todd, 712 F.2d at 73.

B. Discussion

The Court has carefully reviewed this matter and is unpersuaded by the Petitioner's arguments. The Petitioner's claims regarding the temperature of his housing unit at FCI Morgantown are solely related to the conditions of his confinement. Thus, his claims are improperly raised in a § 2241 petition because they are unrelated to the cause or duration of his incarceration. Indeed, assuming *arguendo* that the temperature in his

5

housing unit was unconstitutionally dangerous, his conditions of confinement do not nullify his otherwise lawful detention or entitle him to release from custody. See Cureno Hernandez v. Mora, 467 F. Supp. 3d 454, 460 (N.D. Tex. 2020) (citing Cook v. Hanberry, 596 F.2d 658, 660 (5th Cir. 1979)) ("Even allegations of mistreatment that amount to cruel and unusual punishment do not nullify an otherwise lawful incarceration or detention."). Thus, as noted in the R&R, the Petitioner's conditions-of-confinement claim should have been raised in a Bivens action, which, if proven, would lead to an injunctive remedy to correct the prison's unlawful practice, rather than his release.

Additionally, the Court agrees with the R&R's finding that the petition be dismissed because the Petitioner failed to exhaust his administrative remedies with the BOP. "Generally, a federal prisoner exhausts administrative remedies by attempting to resolve the matter informally and then completing all three formal steps by filing an administrative remedy request" at the institutional, regional, and national levels. Pierson v. Wilner, No. 08-cv-1752, 2008 WL 5070494, at *2 (D. Colo. Nov. 26, 2008) (citing 28 C.F.R. § 542.14–542.15). Here, the Petitioner has only filed an informal resolution request with FCI Morgantown. See ECF No. 1-1 at 1. As he filed the instant petition only ten days after his informal request was denied, the Court finds the Petitioner could not have exhausted his administrative remedies because he has not had sufficient time to exhaust his claims at the institutional, regional, and national levels.[2] Furthermore, the Petitioner has not made a showing of cause or prejudice for his failure to exhaust his administrative remedies. See McClung v. Shearin, 90 F. App'x 444, 445 (4th Cir. 2004) (holding that

---

[2] According to the Petitioner's Informal Resolution Form, his next step to exhaust his administrative remedies is to "forward original resolution form, attached to Administrative Remedy form, to the Administrative Remedy Coordinator/Clerk." See ECF No. 1-1 at 1.

failure to exhaust administrative remedies may only be excused by a showing of cause or prejudice). Accordingly, the R&R correctly finds that the Court lacks jurisdiction to consider the Petitioner's claims.

## IV. CONCLUSION

Upon careful review of the R&R and the Petitioner's objections, the Court hereby **ADOPTS** Magistrate Judge Trumble's Report and Recommendation [ECF No. 4] **IN PART**. The Court adopts the R&R's finding that the Court lacks jurisdiction to consider the Petitioner's claims because they are improperly raised in a § 2241 petition, and the Petitioner failed to exhaust his administrative remedies prior to filing in federal court. However, the Court declines to adopt the R&R's recommendation that the Court dismiss the petition with prejudice. The Petitioner may pursue the claims raised in his petition in a Bivens action after he exhausts his administrative remedies with the BOP at all three levels and pays the appropriate filing fee. Accordingly, the Court **ORDERS** that the § 2241 Petition [ECF No. 1] be **DISMISSED WITHOUT PREJUDICE** to his right to file a Bivens action.

The Clerk of Court is **DIRECTED** to transmit copies of this Order and a copy of the Instructions for Filing a Federal Civil Rights Complaint to the pro se Petitioner, by certified mail, at his last known address as reflected upon the docket sheet.

**DATED:** September 13, 2021

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE